## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

PHYLLIS ANDREWS, et al.,    }
    }
      Plaintiffs,    }
    }
v.    }    Case No.:  2:06-cv-1645-RDP
    }
UNITED STATES PIPE AND    }
FOUNDRY COMPANY, INC., et al.,    }
    }
      Defendants.    }

## MEMORANDUM OPINION

The court has before it the June 15, 2009 motion (Doc. #78) of Defendant United States Pipe and Foundry Company, LLC f/k/a United States Pipe and Foundry Company, Inc. ("U.S. Pipe") to dismiss certain plaintiffs from the conditionally certified collective action.  Pursuant to the court's order of June 19, 2009, the motion (Doc. #78) to dismiss is now under submission and is considered herein without oral argument.

Having considered the briefs and evidentiary submissions, the court finds that U.S. Pipe's motion to dismiss is due to be granted in part for the reasons outlined below.

I.    __Relevant Procedural History and Facts__

Plaintiff Phyllis Andrews and forty-six (46) others commenced this action on August 18, 2006 by filing a collective action complaint (Doc. #1) in this court for violations of the Federal Wage and Hour Law, 29 U.S.C. §§ 201, *et seq.*, specifically asserting that they were improperly denied compensation for time spent donning and doffing certain personal protective equipment ("PPE"), including boots, hard hats, safety glasses, ear plugs, spats, and fire-retardant uniforms also known as "greens."  (*See* Doc. #1 at 7-9, ¶¶ 14, 18, 19).  On August 25, 2006, Plaintiffs filed an amended

complaint (Doc. #7) which added numerous plaintiffs to the lawsuit who were alleged to be similarly situated to the original Plaintiffs because they all "are or have been employed" by U.S. Pipe and are or have been "required to wear personal protective equipment that includes a specialized and unique fire-suit." (Doc. #7 at 5-6, ¶ 6).

The court entered conditional class certification on July 7, 2008 (*see* Doc. #45), and on August 6, 2008 wording was finalized on the notice to be sent to potential opt-in class members (*see* Doc. #49). The notice, as relevant here, reads as follows:

> TO:   All hourly employees and former employees of United States Pipe and Foundry ("U.S. Pipe") at any time between August 18, 2004, and the present who have been required to wear flame retardant (Green) personal protective equipment ("PPE's") for the entire duration of their shifts, which would include, but not be limited to, employees working or who have worked in the Melting and Casting Departments at North Birmingham, Alabama; Bessemer, Alabama; Burlington, New Jersey; and Chattanooga, Tennessee.

The same notice states that the collective action:

> is open to persons who have worked at U.S. Pipe and have been required to wear flame retardant PPE's (greens) for the entire duration of their shifts, which would include, but not be limited to, employees working or who have worked in the Melting and Casting Departments of the U.S. Pipe facilities in North Birmingham, Alabama; Bessemer, Alabama; Burlington, New Jersey; and Chattanooga, Tennessee, since August 18, 2004.

Your Right to Join This Suit as a Party Plaintiff reads as follows:

> If you are a current or former hourly employee of U.S. Pipe and you have worn the "greens" for the entire duration of your shift at any point between August 18, 2004, and the present, you may have a right to participate as a Plaintiff in this lawsuit.

Also on August 6, 2008, wording was finalized on the consent to join form for opt-in plaintiffs. As relevant hereto, that form reads as follows:

2

2.     I have worked in the position of _____ in the _____ (Melting or Casting) Department at U.S. Pipe's _____ Plant. I wore the greens from the beginning of my shift to the end of my shift from on or about _____ (month, year) to on or about _____ (month, year).

3.     I contend that I am entitled to additional straight time and overtime wages for the hours I have worked in excess of forty hours per week as a result of wearing the greens.

After the class was conditionally certified under 29 U.S.C. § 216(b), another one hundred and thirty-two (132) current or former melting and casting employees from the four U.S. Pipe plants filed FLSA forms or opt-in notices to join this action. In total, there are two hundred seventy (270) plaintiffs in this case.

## II.   **Analysis**

U.S. Pipe alleges that several plaintiffs currently included in the conditionally certified class are due to be dismissed either because they are not proper parties or because they have failed to comply with their discovery obligations. (*See* Doc. #78 at 2). Those individuals, according to U.S. Pipe, include: exempt supervisors, maintenance employees, employees who did not work in the casting or melting departments during the relevant time period, individuals who failed to appear for noticed depositions, and individuals who failed to provide sworn responses to Defendant's discovery requests. (*See* Doc. #78 at 2).

Plaintiffs concede that the four supervisors[1] – Freddie Bell, Kevin Hooper, Larry Huffstutler, and Anthony Terry – should be dismissed without prejudice from this action. Plaintiffs also concede

---

[1]The court commends counsel and appreciates that the parties complied with that section of its June 19, 2009 order which ordered the parties to "meet and confer in good faith to attempt to resolve any issues" included in the motion to dismiss which were amenable to "voluntary resolution."

3

that certain individuals who failed to appear for their depositions should be dismissed without prejudice from this action – Anthony Coniglio, Thomas Gallagher, Oscan Henton, Junior D. Sr. Moreland, Bronchae Smith, and Roland Woods.  Finally, Plaintiffs concede that certain individuals who failed to provide sworn responses to Defendant's discovery requests should be dismissed without prejudice from this action – Andrew Burney, Mackson Franklin, Oscan Henton, Thomas Henton, Jr., Donald Hoggle, Autuan Johnson, Kevin S. Little, Antonio Marshall, Curtis McLin, Tommy Newton, Lanell Pratt, Sylvia Robinson, and Brandon Woods.

The remaining disputed grounds for dismissal will be considered in turn.

### A.    Maintenance Employees

U.S. Pipe alleges that at least thirty-five (35) maintenance employees are not properly part of this collective action because they are not similarly situated to the other opt-in plaintiffs who worked exclusively in the melting and casting departments.  (*See* Doc. #78 at 4-5).  Plaintiffs disagree, arguing that maintenance employees are similarly situated to the other Plaintiffs because they are required to wear the greens for the duration of the time[2] they work in the melting and casting departments.

---

[2]Plaintiffs make another argument that, regardless of whether maintenance employees wear the greens for the duration of their shifts, "wearing the greens for the duration of shifts should not be a pre-requisite for membership in the collective action." (Doc. #86 at 10).  That argument holds no water here.  The court and the parties took great pains to carefully and accurately conditionally certify the collective action.  (*See generally* Docs. #26, 27, 28, 29, 30, 33, 36, 37, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 51).  After such careful attention to detail, the court refuses to accept Plaintiffs' essentially bald assertion that the requirement of greens-wearing for the duration of a shift is immaterial to the claims at issue.  (*See* Doc. #86 at 10-13).

Moreover, the court refuses to create a sub-class of maintenance plaintiffs at this late hour. (*See* Doc. #93 at 5-6).  As U.S. Pipe points out, Plaintiffs drafted the notice at issue, which did not include maintenance employees.  The creation of a subclass of maintenance employees would broaden membership requirements and require new notice and new opt-in forms.  The court is not willing to go down that road.

That maintenance employees are required to wear the greens when their work mandates that they spend time in the melting and casting departments, it is safe to say, is not in genuine dispute.[3] (*See* Doc. #93 at 3) ("Defendant does not dispute that company policy requires maintenance department employees to wear greens while performing work in the casting and/or melting departments."). What is in dispute, and what is at the core of the motion to dismiss the maintenance employees, is whether the conditional certification and notice declared that, to be a proper member of the collective action, an employee must be required to wear the greens every day for the duration of the shift.

The notice issued to potential class members does not specifically say that Plaintiffs are only properly a part of this action if they wore the greens "every day." The notice went out to "all hourly and former employees" of U.S. Pipe who "at any time between August 18, 2004 and the present" were required to wear the greens. (*See* Doc. #79, Exh. 3). Nevertheless, while that phrase alone does not shed much light on whether there was a daily requirement of greens-wearing, the consent to join form does make such requirement clear. The consent form requires the opt-in to set out the time frame in the form of month and year during which s/he was required to wear the greens "from the beginning of [the] shift to the end of [the] shift." (*See* Doc. #79, Exh. 3). Thus, the fact that maintenance employees may not have been required to wear the greens every day excludes them from the certified class.

It is equally important that maintenance employees do not necessarily wear the greens for the duration of their shifts, which the notice clearly requires. (*See* Doc. #79, Exh. 3) (stating that the

---

[3](*See, e.g.,* E. Cunningham Dep. at 41-42, 43-45, 48; Borg Dep. at 44-46; *see also* Doc. #83, Exhs. 11, 19, 186-229).

5

potential member is one who wore "flame retardant (Green) personal protective equipment ("PPE's")

for the entire duration of their shifts . . ." and the opt-in form stating "I wore the greens from the

beginning of my shift to the end of my shift . . ."). The one maintenance employee who was deposed

admitted that "the only time you're required to wear them [the greens] is when you're working

around hot molten iron." (*See* E. Cunningham Dep. at 41-43, 48). Generally speaking, most of the

maintenance employees admitted that they only wore the flame retardant greens "as required." (*See*

Doc. #83, Exhs. 186, 187, 189, 190, 192 at 7). Most also generally admitted that they did perform

work outside of the melting and casting departments. (Doc. #83, Exhs. 209, 210, 212-27). In fact,

Plaintiffs' counsel represented to the court that "a lot of [maintenance employees'] work, of course,

involved going in between different work areas, and so they went on and donned and doffed this

material in traveling between different areas where they would need to wear." (Doc. #44 at 12).

For those separate and independent reasons outlined above, maintenance employees are not

properly members of this action, and those who attempted to join in are due to be dismissed.[4] *See*

*Johnson v. Big Lots Stores, Inc.*, 561 F. Supp.2d 567, 588 (E.D. La. 2008) ("But when there are

significant differences in employment experiences, as the evidence presented at trial shows to be the

case here, the procedural advantages of a collective action evaporate, and the Court's confidence that

a just verdict on the merits can be rendered is seriously undermined.").

---

[4]The court also finds that the maintenance employees at the Bessemer and Chattanooga plants are also due to be dismissed from this action for the separate and independent reason that they are not represented by the same union as the melting and casting employees in those plants. (*See* Doc. #78 at 7-8). Because of that different representation, U.S. Pipe may well have "different and distinct" defenses that apply to the claims made by maintenance employees versus those made by melting and casting employees, including those under 29 U.S.C. § 203, thus making those maintenance employees dissimilarly situated from the others in this action. (*See id.* at 8).

**B.     Core Room Employees Who Did Not Work in the Melting or Casting Departments During the Relevant Time Period**

U.S. Pipe argues that Johnnie S. Holloway, Waldron Owens, and Vidal Tabb (who are each core room employees) are not properly included in this collective action because they are not required to wear the greens.  (*See* Doc. #78 at 9).   While there is some dispute as to whether or not core room employees are *required* to wear the greens, there is no dispute that even if core room employees are required to wear greens they do not wear them for the duration of their shift.  Rather, they don and doff the greens when walking through the casting department.  (*See* Doc. #78 at 9-10; Doc. #86 at 14-15; *see* also Section II.A., supra on the wording of the notice).  That fact is fatal to the inclusion of core room employees in this collective action.[5]

**C.     Individuals Who Failed to Answer Written Discovery[6]**

U.S. Pipe contends that twenty-one (21) individuals have failed to provide signed responses to discovery requests, and therefore should not be allowed to remain in this action.  (*See* Doc. #78 at 18-19).  Although Plaintiffs respond that seven (7) of those twenty-one (21) have, in fact, provided written responses, U.S. Pipe represents to the court that only Janssen L. Murray has done so.  (*See* Doc. #93 at 7, n.8).  As to Janssen Murray, U.S. Pipe no longer seeks the dismissal.  As to the other

---

[5]The court expresses no opinion herein as to whether Johnnie S. Holloway, Waldron Owens, and Vidal Tabb might be viable members of this action based upon their employment with other U.S. Pipe departments.  (*See* Doc. #86 at 14) ("To the extent they possess viable claims for having worked in the Melting, Casting, or Maintenance departments, then plaintiffs understand that the defendant is not seeking dismissal of their claims for those particular work periods.")

[6]Defendant's motion (Doc. #78) to dismiss sought to preclude seven (7) individuals who failed to appear for their depositions from pursuing their claims in this action.  Plaintiffs conceded that six (6) of those individuals should be dismissed.  (*See* Doc. #86 at 1).  As to the last remaining individual who failed to appear for his deposition, David Ace, Plaintiffs represented to the court their understanding that "defendant will withdraw its request that the Court dismiss David Ace for failing to appear for his deposition."  (Doc. #86 at 16).

six – Marcus D. Acoff, Troy Bethea, Sr., Michael Harbin, Omar A. Howell, Cedric McIntyre, and Ambroziu Petras – a disputed fact appears to remain as to whether those individuals have provided U.S. Pipe with written discovery.  If those six (6) employees have heretofore provided discovery responses, and Plaintiffs can demonstrate such to the court by August 17, 2009, the court will not dismiss them from this action.  However, if such a showing is not made, Marcus D. Acoff, Troy Bethea, Sr., Michael Harbin, Omar A. Howell, Cedric McIntyre, and Ambroziu Petras will be dismissed from this case on August 18, 2009.

As to the remaining fourteen (14) individuals who have failed to provide discovery responses, Plaintiffs concede that thirteen (13) should be dismissed, leaving only Joel Valme at issue.  (*See* Doc. #86 at 17).  Valme, Plaintiffs argue, was deposed by U.S. Pipe and "essentially provided answers during [his] deposition[] to all of the inquiries raised in defendant's written discovery."  (Doc. #86 at 17).  The court does not find that argument persuasive.  U.S. Pipe was specifically allowed to serve discovery requests on each and every plaintiff, and it is the responsibility of each and every plaintiff to pursue his claims in this case.  Valme's failure to do so prejudices U.S. Pipe's defense, and therefore Valme is due to be dismissed from this case.  *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Link v. Wabash* R.R., 370 U.S. 626, 630 (1962) (stating that the court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *Deloach v. Paulk et al.*, 2008 WL 2404342, No. 7:06-cv-44, at *1 (M.D. Ga. June 10, 2008) ("The plaintiff has had more than adequate time to pursue his claim against these defendants but he has failed to do so.").

8

**D.     Individuals Who Are Not Named Plaintiffs or Opt-ins to the Conditionally Certified Class**

For the first time in their reply brief (Doc. #93), U.S. Pipe seeks a dismissal from this action of those individuals who are not named plaintiffs or opt-ins to the conditionally certified class. While the court would customarily deny such motion for dismissal on the ground of untimeliness, the evidence currently before the court indicates that the named twenty-one (21) individuals – Garrett Adamson, Kevin Blocton, Gregory Burrow, Gary Craig, Brenerman Davis,[7] James Edward Davis, Jr., Mark French,[8] Michael B. Guinn,[9] Frederick Harris, Kevin Hollman, Clifford Holmes, Mark McMorris, Earl Morris, Paul Morrissette,[10] Rick Nail,[11] Albert Neely, Jocelyn Scott, Steven Sheffield, Larrine Smith, Joseph Tracy,[12] and Alvin Ware[13] – are not now, nor have they ever been, part of this action.  Therefore, the court intends to dismiss Garrett Adamson, Kevin Blocton, Gregory Burrow, Gary Craig, James Edward Davis, Jr., Frederick Harris, Kevin Hollman, Clifford Holmes,

---

[7]Brenerman Davis is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[8]Mark French is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[9]Michael Guinn is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[10]Paul Morrissette is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[11]Rick Nail is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[12]Joseph Tracy is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

[13]Alvin Ware is being dismissed from this case on the separate and independent ground that he was a maintenance employee during the relevant time frame.

Mark McMorris, Earl Morris, Albert Neely, Jocelyn Scott, Steven Sheffield, and Larrine Smith from this case on August 18, 2009, unless Plaintiffs can show cause by August 17, 2009, why those fourteen (14) individuals should not be "dismissed" from the case.

## III.    Conclusion

For the foregoing reasons, the motion (Doc. #78) to dismiss is due to be granted in part.  An order will be entered contemporaneously herewith.

**DONE** and **ORDERED** this ____4th_____ day of August, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE